# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:**<br><br>**Oney J. Tews and Kirstyn M. Tews**,<br><br>    Debtors. | **Bankruptcy Case<br>No. 12-41300-JDP** |
| **R. Sam Hopkins,<br>Chapter 7 Trustee,**<br><br>    Plaintiff,<br><br>vs.<br><br>**Joshua Frazier**,<br><br>    Defendant. | **Adv. Proceeding<br>No. 13-08017-JDP** |

## MEMORANDUM OF DECISION

**Appearances:**

    James A. Spinner, Service & Spinner, Pocatello, Idaho, Attorney for Plaintiff R. Sam Hopkins, Chapter 7 Trustee

MEMORANDUM OF DECISION – 1

Ryan E. Farnsworth, Avery Law, Idaho Falls, Idaho, Attorney for Defendant Joshua Frazier

*Introduction*

Plaintiff, chapter 7[1] trustee R. Sam Hopkins ("Trustee"), commenced this adversary proceeding against Defendant Joshua Frazier ("Frazier") pursuant to §§ 549 and 550 to avoid the postpetition transfer of title to a 2007 Puma Travel Trailer (the "Trailer") from Debtors Oney and Kirstyn Tews ("Debtors") to Frazier. Dkt. No. 1. Frazier filed an answer[2] to the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037, and all Civil Rule references are to the Federal Rules of Civil Procedure 1 – 86.

[2] In the answer, Frazier asserted that the Court lacked the constitutional authority to adjudicate this action, citing *Exec. Benefits Ins. Agency, Inc. v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553 (9th Cir. 2012). Dkt. No. 9 at 1. Frazier also asserted that the District of Idaho was not the proper venue for this action because he resides in Utah. *Id.* 1-2. At the May 20, 2013, pretrial conference in this adversary proceeding, Frazier waived the venue defense. In addition, at the pretrial conference, the Court asked the parties to brief the constitutional authority issue. Trustee filed a brief in support of the Court's constitutional authority to decide this matter. Dkt. No. 12. Frazier did not, and instead, elected to withdraw the objection to this Court's authority, noting this Court's prior decision in a similar case, *Rainsdon v. Visser (In re Visser)*, No. 11-41345-JDP, 2013 WL 1337327 (Bankr. D. Idaho April 1, 2013). *See* Notice of Non-Filing, Dkt. No. 13. The Court hereby determines that: (1) as explained in *Visser*, it has the constitutional authority to hear, decide, and enter a final judgment in

MEMORANDUM OF DECISION – 2

complaint, and the Court scheduled a trial. Dkt. Nos. 9; 11. On the date set for trial, in lieu of presenting evidence and testimony, the parties filed stipulated facts and exhibits. Dkt. Nos. 23-25. As agreed, the parties then filed briefs. Dkt. No. 28; 29. Having taken the issues under advisement, and having now reviewed the record, the parties' submissions and their arguments, this Memorandum constitutes the Court's findings of fact and conclusions of law. Rule 7052.

*Facts and Arguments*

**I. Stipulated Facts.[3]**

On June 15, 2012, Debtors and Frazier signed a hand-written bill of sale evidencing Debtors' sale of the Trailer to Frazier, who took possession of the Trailer that same day. Dkt. No. 25, Exh. C. Frazier had apparently paid $10,500 to Debtors to purchase the Trailer.[4]

---

this action; and (2) the parties have expressly consented to the Court's authority.

[3] The facts recited here are taken from the stipulated facts and exhibits of the parties, *see* Dkt. Nos. 24 and 25, and from the Court's review of its docket.

[4] There is no other proof that this payment was made, or the date of the payment, in the record before the Court. Exhibit C states the payment was made by check number 1217, however, the canceled check is not part of the record.

MEMORANDUM OF DECISION – 3

On September 12, 2012, Debtors filed a chapter 7 petition. *Id.* at Exh. A. On that date, Debtors were still listed as the owners of the Trailer on the certificate of title issued by the State of Idaho. *Id.* at Exh. B. On September 26, 2013, Debtors mailed the title certificate to Frazier after obtaining, on September 19, a release of the lien noted on the title from a lender. Frazier did not know Debtors had filed for bankruptcy at the time he received the title certificate. He submitted the title certificate to the State of Utah, and on December 31, 2012, a new title certificate was issued for the Trailer listing Frazier as the owner. *Id.* at Exh. B. at 1.

Frazier alleges he made repairs to the Trailer after taking possession of it. The parties agreed that Frazier could itemize these repairs in an affidavit accompanied by supporting documentation to be filed by November 1, 2013. *See* Dkt. No. 23 at 2. Frazier filed no such affidavit.

**II. Arguments.**

Trustee contends that, despite the sale date, because Debtors were still listed as the owners on the Trailer's title certificate on the date of the bankruptcy filing, the Trailer became property of the bankruptcy estate.

MEMORANDUM OF DECISION – 4

Therefore, Trustee argues, he may avoid Debtors' later transfer of the title of the Trailer to Frazier under § 549(a), and the Trailer may be recovered under § 550(a).

Frazier offers two defenses to Trustee's claim in his pretrial brief. Dkt. No. 22.  He argues that the equitable defense of recoupment should apply to this postpetition transaction.[5]  In addition, Frazier argues that

---

[5] Frazier's tactic in offering the recoupment argument for the first time, not in his answer, but two days before the trial in his brief, is problematic.  There is disagreement whether equitable recoupment is an affirmative defense or a counterclaim.  *See Reiter v. Cooper*, 507 U.S. 258, 264 (1993) (noting the confusion as to whether set-offs and recoupment should be viewed as a defense or counterclaim); *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 139, 1399 (9th Cir. 1996) (stating "recoupment has been analogized to both compulsory counterclaims and affirmative defenses.") (citation omitted); *United States v. Carey (In re Wade Cook Fin. Corp.)*, 375 B.R. 580, 600-01 (9th Cir. BAP 2007) (quoting *Newbery*, and addressing the plaintiff's argument that the defendant waived its recoupment claim because it did not plead it in its answer).  Regardless whether it is an affirmative defense or a compulsory counterclaim, though, recoupment must be plead in a defendant's answer or it is waived.  *See* Civil Rule 8(c)(1), as incorporated by Rule 7008(a) ("Affirmative Defenses. (1) In General.  In responding to a pleading, a party *must* affirmatively state any avoidance or affirmative defense . . . .") (emphasis added); Civil Rule 13(a)(1), as incorporated by Rule 7013 ("Compulsory Counterclaim.  (1) In General.  A pleading *must* state as a counterclaim any claim that — at the time of its service — the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . .") (emphasis added); *see also In re Wade Cook Fin. Corp.*, 375 B.R. at 600-01 (noting that a defendant must plead recoupment in its answer pursuant to Civil

MEMORANDUM OF DECISION – 5

because there was a lien on the Trailer at the time of Debtors' bankruptcy petition, which purportedly exceeded the value of the Trailer, Trustee should not be able to recover the postpetition transfer, or the Trailer's value, under § 550.

*Analysis and Disposition*

**I. Applicable Substantive Law.**

A.  Property of the Bankruptcy Estate

When a debtor files a bankruptcy petition, a bankruptcy estate is created, composed of "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a); *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204 (1983). The scope of the bankruptcy estate is broad, encompassing both tangible and intangible interests of the debtor. *Gugino v. Knezevich (In re Pegram)*, 395 B.R. 692, 695 (Bankr. D.

---

Rule 13(a)/Rule 7013 or it is waived); *In re Nat. Lumber Supply, Inc.*, 184 B.R. 74, 79 (9th Cir. BAP 1995) (discussing waiver of recoupment affirmative defense when not plead in the answer pursuant to Civil Rule 8(c)/Rule 7008(a)).
     Though Frazier's late recoupment defense/counterclaim was waived due the failure to plead it in his answer to Trustee's complaint, Trustee has responded to it, and the Court exercises it discretion to consider it in resolving Trustee's § 549 claim.

MEMORANDUM OF DECISION – 6

Idaho 2008). Property interests of the bankruptcy estate are determined by reference to state law. *Butner v. United States*, 440 U.S. 48, 54 (1979).

Title 49 of the Idaho Code[6] governs ownership interests in motor vehicles. Specifically, Idaho Code § 49-503 instructs that "no person acquiring a vehicle from the owner, whether the owner is a dealer or otherwise, shall acquire any right, title, claim or interest in the vehicle until he has issued to him a certificate of title to that vehicle[.]" As this Court has observed, Idaho Code § 49-503 is "strictly construed by the courts to promote the underlying legislative policy that vehicle ownership be determined exclusively by reference to the name on the certificate of title."

---

[6] Both parties cite the Court to Idaho law as controlling. Without a more complete record, the Court can not determine whether Utah law may be implicated under these facts. *See Gugino v. Froerer Farms, Inc. (In re Mayer)*, 2010 WL 2857594 (Bankr. D. Idaho 2010), *rev'd* 2011 WL 3299053 (9th Cir. BAP 2011) (discussing choice of law where the parties intended that vehicle, when sold, would be taken to Oregon where the buyer resided). Utah law is much less definitive than the Idaho statutes, in that the name on a vehicle title certificate "establishes only a presumption of ownership, [which may be] rebutted by legally relevant evidence presented at trial and deemed credible by the court." *Lake Philgas Serv. v. Valley Bank & Trust Co.*, 845 P.2d 951, 957 (Utah Ct. App. 1993) (citing *Jackson v. James*, 89 P.2d 235, 237 (1939)). But, again, given the sparse record, and as the parties urge, Idaho law will be applied.

MEMORANDUM OF DECISION – 7

*In re Pegram*, 395 B.R. at 695 (citing *Hopkins v. Brasseaux (In re Saunders)*, 08.1 IBCR 16, 17 (Bankr. D. Idaho 2008)). Therefore, in Idaho, "[a] buyer . . . bears the burden of acquiring a certificate of title in his name to protect his interest in the vehicle." *In re Woods*, 386 B.R. 758, 762 (Bankr. D. Idaho 2008).

### B. Postpetition Transactions and Liability of the Transferee

As the Court recently explained,

> Section 549(a) provides that "a trustee may 'avoid a transfer of property of the estate—(1) that occurs after the commencement of the case; and . . . (2) . . . (B) that is not authorized under this title or by the court.'" *Aalfs v. Wirum (In re Straightline Inv., Inc.)*, 525 F.3d 870, 877 (9th Cir. 2008) (quoting §§ 549(a)(1), (2)(B)). Rule 6001 instructs that "[a]ny entity asserting the validity of a transfer under § 549 . . . shall have the burden of proof." *See Hopkins v. Suntrust Mort., Inc. (In re Ellis)*, 441 B.R. 656 (Bankr. D. Idaho 2010); *Hopkins v. Lojek (In re Scheu)*, 356 B.R. 751 (Bankr. D. Idaho 2006). Therefore, in a § 549 avoidance action, the trustee bears the burden of proving that a postpetition transfer of estate property occurred, but the burden of proof as to the validity of the postpetition transfer is on the transferee. *See* 10 COLLIER ON BANKRUPTCY ¶ 6001.01[2] (Alan N. Resnick & Henry J. Sommer eds. 16th ed.) (noting that the transferee has the burden of proof per Rule 6001 only "on the issue of the validity of the transfer and not on any other [element of

MEMORANDUM OF DECISION – 8

§ 549].").

*Rainsdon v. Davisco Foods Int'l, Inc. (In re Azevedo)*, 497 B.R. 590, 595 (Bankr. D. Idaho 2013). The primary purpose of § 549 is to allow a trustee to avoid specific postpetition transfers regardless of whether the transfers deplete the estate. *In re Straightline Inv., Inc.*, 525 F.3d at 878-79 (stating "plaintiff's failure to demonstrate a measurable depletion of the estate is not enough to allow a transfer to stand when it is otherwise avoidable under § 549"); *see also* 5 COLLIER ON BANKRUPTCY ¶ 549.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). In turn, § 550(a) provides that "to the extent that a transfer is avoided under section . . . 549 . . ., the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from . . . the initial transferee of such transfer . . . ."

### C.  Recoupment

In the § 549 context, the Court also recently addressed the equitable defense of recoupment:

Recoupment is an equitable doctrine that involves the

MEMORANDUM OF DECISION – 9

> "netting out of debt arising from a single transaction." *In re Straightline Inv., Inc.*, 525 F.3d at 882 (quoting *Oregon v. Harmon (In re Harmon)*, 188 B.R. 421, 424 (9th Cir. BAP 1995)). It is a "judicially developed doctrine" that is "in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded." *In re Club Wholesale Concepts, Inc.*, 94 IBCR 213, 216 (Bankr. D. Idaho 1994) (quoting *United States v. Dalm*, 494 U.S. 596, 605 (1990)). Stated another way, recoupment " 'is the setting up of a demand arising from the same transaction as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim.'" *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1399 (9th Cir. 1996) (quoting COLLIER ON BANKRUPTCY ¶ 553.02) (emphasis in original).

*In re Azevedo*, 497 B.R. at 595-96.

**II. Application of Law to Facts.**

The parties stipulated that the Idaho certificate of title for the Trailer was in Debtors' name at the time they filed their bankruptcy petition on September 12, 2012. As the Court stated in *In re Pegram*, in applying Idaho law, ownership of a vehicle is to be "determined exclusively by reference to the name on the certificate of title." 395 B.R. at 695. Because Debtors were the listed owners, under § 541(a), the Trailer became property of Debtors' bankruptcy estate on that date.

MEMORANDUM OF DECISION – 10

In the words of Idaho Code § 49-503, no "right, title, claim or interest in or to the [Trailer]" passed to Frazier "until he has issued to him a certificate of title to that vehicle."  Therefore, even though he purportedly purchased the Trailer from Debtors for $10,500 prior to the bankruptcy case filing, until Frazier had a certificate of title issued listing him as the owner, he had no enforceable rights to the Trailer.  In other words, that Frazier paid Debtors the funds and took possession of the Trailer in June 2012 is of no consequence, because, as a matter of law, the transfer was not effective until the new title certificate was issued.  *See In re Woods*, 386 B.R. at 762.  Because Frazier does not contend that the transfer of the title to the Trailer was authorized by the Court or the Code, Trustee has satisfied his burden to prove that an avoidable postpetition transfer of estate property occurred.

In response, Frazier argues he is protected by the equitable defense of recoupment.  Recoupment is the "netting out of debt arising from a single transaction."  *In re Straightline Inv., Inc.*, 525 F.3d at 882.  It is properly invoked when mutual claims arise on each side of a specific

MEMORANDUM OF DECISION – 11

transaction. *See Aetna U.S. Healthcare, Inc v. Madigan (In re Madigan)*, 270 B.R. 749, 754 (9th Cir. BAP 2001) ("The creditor is allowed 'to assert that certain mutual claims extinguish one another . . . .'") (quoting *Lee v. Schweiker*, 739 F.2d 870, 875 (3d Cir. 1984)).

In this case, Debtors transferred title to the Trailer to Frazier in exchange for $10,500. Pursuant to Idaho law, the transaction was completed postpetition upon transfer of the title of the Trailer. Because neither party to the transaction had a claim against the other after the transaction was completed, there were no mutual claims to be extinguished by the "netting out of debt." Recoupment therefore does not apply to this typical postpetition transfer of estate property.

Frazier also argues that Trustee should not be allowed to recover from him under § 550(a) because, at the time of the transfer, the Trailer was subject to a lien securing a debt that exceed the value of the vehicle. Put another way, Frazier argues that the bankruptcy estate was not depleted because, at the time of the transaction, Debtors—and arguably, the bankruptcy estate—had no equity in the vehicle.

MEMORANDUM OF DECISION – 12

This defense fails. First, there was no evidence submitted in the record to establish the amount of the lien on the Trailer at the time the bankruptcy petition was filed. Further, § 550(a) allows a trustee to recover the property transferred under § 549. As explained by the Ninth Circuit, operating in tandem, § 549 and § 550 allow a trustee to recover postpetition transfers of property regardless of whether that transfer depleted the bankruptcy estate. *In re Straightline Inv., Inc.*, 525 F.3d at 878-79.

### *Conclusion*

Trustee has established that an unauthorized postpetition transfer of property of the bankruptcy estate occurred. Frazier failed to demonstrate that the postpetition transaction was valid.[7] Therefore, under §§ 549(a) and 550(a), Trustee may recover the Trailer for the benefit of the estate.

Counsel for Trustee shall submit an appropriate form of judgment consistent with this Memorandum for entry by the Court. Counsel for

---

[7] Although given an opportunity to do so, because Frazier did not establish that he expended funds to repair the Trailer after taking possession, Frazier may not take advantage of the lien granted by the Code to good faith transferees for the cost of, or increase in value of, the property, attributable to any improvements to the property as provided in § 550(e)(1).

MEMORANDUM OF DECISION – 13

Frazier will approve the form of the judgment.

Dated: November 25, 2013

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 14